WILLIAM SIEWERT, Respondent, v. DEDERICK HAMEL et al. Appellants.

The purchase of a debt by one at the instance of the debtor for less than its face, the debtor himself with the knowledge of the purchaser paying the creditor the discount, is not *per se* usury.

It must be made to appear that the transaction originated in an agreement for a loan, as there can be no usury disconnected with a loan.

(Argued December 14, 1882; decided January 23, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order

made at the October term, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by defendant Hamel in March, 1873, which with the accompanying bond was assigned by the mortgagees in June, 1873, to Susan A. Bergen, who in July, 1874, sold and assigned them to plaintiff. The defense was usury.

The court found substantially these facts: When the mortgage became due, Mrs. Bergen caused notice to be served on Hamel that she required payment. Hamel applied to one Clegg, an attorney, to obtain the money required, stating that he required two years' time to pay. Plaintiff, hearing that Clegg had a mortgage to sell and desiring to purchase, applied to him, and an arrangement was perfected by which plaintiff agreed to purchase the bond and mortgage in question at a discount of eleven per cent. Plaintiff Hamel, Clegg and Mrs. Bergen's attorney thereupon met. Plaintiff paid to said attorney the amount of principal unpaid upon the mortgage, less the stipulated discount, which was paid by Hamel, together with the back interest. The bond and mortgage were delivered to plaintiff, who gave an extension of the time of payment for two years. The court also found that plaintiff was unaware of the amount and particulars of the payments made by Hamel; that Clegg was employed by plaintiff to examine the title and acted as his attorney for that purpose and in and about the transfer; that Clegg knew that Hamel had made arrangements to have the bond and mortgage assigned to such person as he should designate upon payment to Mrs. Bergen of the full amount unpaid.

*S. Jones* for appellants. The intent is essential to constitute the offense of usury, but the intent must be deduced from and determined by the acts. (*Quackenbush* v. *Sayre*, 62 N. Y. 346.) The offense of usury is not condoned by the want of an intent to violate the statute, or by an attempt to evade the

statute by a resort to any device. (*Fiedler* v. *Darin*, 50 N. Y. 443–444.)

*Edgar Whitlock* for respondent.

Andrews, Ch. J. The counsel for the defendant Hamel correctly states that the question presented in this case is whether the transaction in question was a *bona fide* purchase of the bond and mortgage, at a discount, or a loan of money by the plaintiff to Hamel, with the bond and mortgage, as collateral, under the guise and color of a purchase, and sale of a chose in action, whereby the lender reserved or secured to himself a greater rate of interest than is allowed by law. The learned trial judge found that the transaction was a purchase of the bond and mortgage by the plaintiff, from Mrs. Bergen, the assignee. This finding is conclusive against the defendant, unless it is wholly unsupported by evidence. We think the evidence justified the conclusion of the trial judge. The form of the transaction was a purchase from Mrs. Bergen, and not a loan to Hamel. The alleged vice in the transaction consists in the fact that Hamel procured the plaintiff, through Clegg, to become the purchaser of the bond and mortgage at a discount of eleven per cent, which, by arrangement between Hamel and Mrs. Bergen, known to the plaintiff, was paid by Hamel, so that she received on the assignment of the bond and mortgage the full amount due thereon. If this was a mere contrivance to evade the statute of usury, and was in fact a loan by the plaintiff to Hamel upon the security of the bond and mortgage, under the guise of a purchase, then undoubtedly the plaintiff cannot recover. But what the real nature of the transaction was, was a question of fact and not of law. There can be no usury unconnected with the loan or forbearance of money, and a purchase of a debt by another at the instance of the debtor for less than its face, the debtor himself paying the creditors the discount, is not, we think, *per se*, usury. It may be very cogent evidence of usury, and under some circumstances, as for example, where the transaction

originated in an agreement for a loan by the alleged purchaser to the debtor, the conclusion that the form which the transaction finally took was a mere device and cover for usury, might be well nigh irresistible.

Here there was no negotiation for a loan of money between the plaintiff and Hamel. The plaintiff, having funds on hand for investment, desired to purchase a bond and mortgage, and was informed that Clegg had a mortgage for sale, and Clegg, who in fact was acting as Hamel's agent without disclosing for whom he was acting, offered to sell, or procure an assignment to him of the bond and mortgage in question, at the discount stated. The verbal negotiation was concluded between the plaintiff and Clegg, without any knowledge on the part of the plaintiff of Hamel's relation to the transaction. Assuming that the plaintiff by subsequently constituting Clegg his agent to search the title and to see to the execution of the necessary papers, was chargeable with notice of what Clegg knew, viz.: that Mrs. Bergen was to receive the full amount of the bond and mortgage, and that Hamel was to advance the necessary sum beyond the amount to be paid by the plaintiff, this did not impress a new character upon the transaction, and turn into a loan of money to Hamel, what was intended as a purchase of a security against him. It is found in substance that the plaintiff entered into the transaction for the purpose of securing more than the legal interest on his capital. But the purpose was not unlawful. The expectation of large gains is the great motive which prompts and stimulates business enterprise. The purchase of an existing security for money, at a discount, is a common and legitimate transaction, and the purchaser may enforce it for its full amount. The question in this case is, was the transaction a purchase of the mortgage, or a loan of money on the security of the mortgage? The question has been decided adversely to the defendant, upon sufficient evidence.

The judgment should therefore be affirmed.

All concur.

Judgment affirmed.