HENRY R. DUNHAM, Appellant, *v.* JOSEPH CUDLIPP et al., Respondents.

The complaint in an action to foreclose a mortgage alleged that the mortgage, with accompanying bond, was executed and delivered to the mortgagees named, to secure the payment of $4,000, and that it was duly assigned and transferred to plaintiff; the answer admitted the execution of the securities as alleged, and the due assignment thereof to the plaintiff, but averred that they were made in pursuance of an usurious

agreement with the plaintiff. The trial court found the usurious agreement substantially as alleged, and that the bond and mortgage was never delivered to, or in the possession of, the mortgagees. *Held*, that in the absence of any waiver of the admission in the pleadings, this last finding was error. (Code of Civil Procedure, § 522.)

The usurious agreement, as alleged and found, was in substance that the mortgagor should execute the bond and mortgage in question to the mortgagees named, who were creditors of his, and another mortgage of $3,000 to other creditors ; which mortgages should be assigned to plaintiff, he paying therefor the sum of $6,000. It appeared that plaintiff was informed that the mortgagor did owe the mortgagees the sum of $7,000; that they had agreed to take such security, and would receipt for the amount thereof, and he could purchase the mortgages for the sum specified. The securities were executed, and plaintiff paid, upon assignment thereof to him, the sum agreed, of which sum the mortgagor paid to the mortgagees $5,000, the mortgagees named in the mortgage in suit receiving $3,000. The assignment contained a covenant that the full sum of $4,000 "is secured, owing and unpaid on account of said mortgage." The mortgagor also made a written statement that the mortgage was given to secure the payment of the sum named, that it was due, and that no defense existed. *Held*, that the defense was not sustained ; that the bond and mortgage, on delivery to the mortgagees, became valid securities in their hands, and could be sold by them at any price, without imputation of usury.

But, *held*, that if in fact the real debt owing to the mortgagees was less than the sum named in the mortgage, they could not, nor could plaintiff, enforce it for more than the amount of the debt.

(Argued October 24, 1883 ; decided November 20, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made on the 23d day of December, 1881, which affirmed a judgment in favor of defendant Cudlipp, entered upon a decision of the court on trial at Special Term.

The action was commenced November 1, 1878, for the foreclosure of a mortgage. The complaint states that the defendant Cudlipp, for the purpose of securing the payment to Daniel and Elias Herbert of the sum of $4,000, on the 16th of December, 1875, executed and delivered to them a bond and mortgage conditioned for the payment of that sum in two years thereafter, with interest, and they, by assignment bearing

the same date, duly assigned and transferred them to the plaintiff.

The obligor and mortgagor, Cudlipp, alone answered. He denied none of the allegations of the complaint, and expressly admitted the execution of the bond and mortgage to D. and E. Herbert, as stated in the complaint, and that they were at the time stated duly assigned to the plaintiff. But continues the answer, "the bond and mortgage were made in pursuance of an usurious agreement between Cudlipp and the plaintiff, by which the defendant was to make the bond and mortgage now in suit and another to Mackey and Mitchell for $3,000, and that D. and E. Herbert and Mackey and Mitchell should assign their respective mortgages to the plaintiff," who should pay and advance thereon the sum of $6,000 and no more, deducting and retaining from the face value of the said bonds and mortgages, $1,000 as a bonus in addition to the interest reserved by the said bonds and mortgages; that in pursuance of this agreement the defendant made and delivered to the said Mackey and Mitchell and the said D. and E. Herbert, the said bonds and mortgages, and at the same time," "they assigned them to the plaintiff," who loaned and advanced thereon the sum agreed upon, viz., $6,000 and no more; that at the time of making this agreement, he the defendant, was indebted to Mackey and Mitchell and D. and E. Herbert, and agreed to pay them, and did pay to them, out of the $6,000, the sum of $5,000, viz.: to Mackey and Mitchell, $2,000, and to D. and E. Herbert, $3,000. The answer further states that the bonds and mortgages "were made for the purpose of being discounted in pursuance of this agreement." The trial court found the agreement between the plaintiff and defendant substantially as stated in the answer, and that it was part thereof that the defendant should procure the mortgagees in said instrument to sign and seal assignments of the same to the plaintiff. He also finds (5th) "that the bonds and mortgages were never delivered to, or in possession of, the mortgagees, or either of them," and (6th) that no consideration other than the said sum of $6,000 was paid by, or in behalf of,

the plaintiff, or received by defendant Cudlipp or any one, for said bonds and mortgages, or either of them. He held the bond and mortgage in suit usurious, and directed its cancellation. Judgment was entered accordingly.

Further facts appear in the opinion.

*C. Bainbridge Smith* for appellant. The answers not having put the averments of the complaint in issue, the defendant was not at liberty either to deny the existence of the facts constituting the cause of action, or to prove any state of facts inconsistent with such admission. (Code of Civil Procedure, § 522; *Fleischman* v. *Stern*, 90 N. Y. 110, 114; *Walrod* v. *Bennett*, 6 Barb. 144; 7 id. 198.) The findings of fact by the court are in direct conflict with the admissions in the pleadings which are admitted and incontrovertible facts in the case. (*Ballou* v. *Parsons*, 11 Hun, 662; *Bridge* v. *Patton*, 5 Sandf. 210.) A party who admits by his pleading that which establishes the plaintiff's right will not be suffered to deny its existence or prove a state of facts inconsistent with that admission. It is not necessary to read the pleadings in evidence to enable a party to avail himself of an admission therein. (46 N. Y. 418; *Paige* v. *Willet*, 38 id. 28; *Fleischman* v. *Stern*, 90 id. 110, 114; *Walrod* v. *Bennett*, 6 Barb. 144; 7 N. Y. 198.) The bonds and mortgages were good and valid securities in the hands of the mortgagees. They could have been enforced by them, and plaintiff had the right to purchase them at any price the mortgagees would take for them. (*Brooks* v. *Avery*, 4 N. Y. 225, 229; *Crane* v. *Hendricks*, 4 Wend. 569; *Rapelye* v. *Anderson*, 4 Hill, 472; *Baylis* v. *Cockroft*, 81 N. Y. 363–371.) To avail himself of the defense of usury, it was incumbent upon the defendant to allege in his answer and prove on the trial that the bonds and mortgages had no valid existence at the time plaintiff purchased them. (*Burrill* v. *Bowen*, 21 How. Pr. 378; *Cutter* v. *Wright*, 22 N. Y. 472–4; *Thomas* v. *Murray*, 32 id. 612.) The defense of usury requires strict proof. (*Marvin* v. *Feeter*, 8 Wend. 534; *Archibald* v. *Thomas*, 3 Cow. 284; *Cutter* v. *Wright*, 22 N. Y. 472.)

Usury is predicated of a loan and not of a purchase. (*Brooks* v. *Avery*, 4 N. Y. 225, 229 ; *Sickels* v. *Flanagan*, 79 id. 224.) The fact that plaintiff offered to prove the delivery of the bonds and mortgages to the mortgagees did not deprive him of the admission in the pleading. (*Potter* v. *Smith*, 70 N. Y. 299 ; Code of Civil Procedure, § 522 ; *The Lady Superior, etc.*, v. *McNamara*, 3 Barb. Ch. 375, 378.) The undisputed facts constituted an estoppel which excluded the defendant from availing himself of the defense of usury, even if the bonds and mortgages had no inception in the hands of the mortgagees. (*Riggs* v. *Pursell*, 89 N. Y. 608; *Baylis* v. *Cockroft*, 81 id. 363, 371; *Ferguson* v. *Hamilton*, 35 Barb. 427 ; *Mason* v. *Anthony*, 3 Keyes, 609 ; *S. C.*, 3 Abb. Ct. of App. 207 ; *Bank of Genesee* v. *Patchen B'k*, 13 N. Y. 316 ; *Bowe* v. *Shutt*, 2 Denio, 621–622 ; *Holmes* v. *Williams*, 10 Paige, 326 ; *Cont. B'k* v. *Nat. B'k*, 50 N. Y. 375.) While the question of estoppel does not appear to be presented to or passed upon by the court below, it arises and may properly be considered in connection with the point upon which the appellant relies, that the findings of the court that the transactions were usurious had no evidence tending to sustain them. (Code of Civil Procedure, § 993.) The fact that the bonds and mortgages were valid securities in the hands of the mortgagees, of whom the plaintiff purchased them, does not entitle the mortgagor in a suit against him to enforce them to reduce the amount of recovery to the sum the plaintiff actually paid for them. (*Brooks* v. *Avery*, 4 N. Y. 225–229; *Crane* v. *Hendricks*, 7 Wend. 569 ; *Rapelye* v. *Anderson*, 4 Hill, 472 ; *Astor* v. *L'Amoreaux*, 8 N. Y. 107 ; *Edmonston* v. *McLoud*, 16 id. 543 ; *Griffin* v. *Marquardt*, 17 id. 28.)

*Richard M. Bruno* for respondent. To constitute usury, there must be a loan, an agreement to return the money, an agreement for a greater interest than is allowed by law, and a corrupt intent to take more than the legal rate for the use of the money loaned. (Tyler on Usury, 92.) Where the contract on its face is for legal interest only, then it must be proved

that there is some corrupt agreement or device or shift to cover usury, and that it was in full contemplation of the parties. (*Condit* v. *Baldwin*, 21 N. Y. 219; *Lloyd* v. *Scott*, 4 Peters, 205; *B'k of U. S.* v. *Wagoner*, 9 Abb. 399; *Fiedler* v. *Darrin*, 50 N. Y. 437; *Quackenbush* v. *Sayer*, 62 id. 344; *Robbins* v. *Dillayer*, 2 Keyes, 506; *Crane* v. *Hendricks*, 7 Wend. 569, 635; *Rapalye* v. *Anderson*, 4 Hill, 472; Tyler on Usury, 103, 108, 110; *Murray* v. *Harding*, 2 Black, 865.) The mortgages had no legal inception or validity without delivery. (*Ahearn* v. *Godspeed*, 72 N. Y. 108.) There is no transaction whatever by which a man may cover usury. (Cowp. 796.) No mere form will work an estoppel, and if the person inquiring, or his agent in the special transaction, have knowledge of the facts, a statement made for the purpose of affording him a legal protection will not answer. (*Shapley* v. *Abbott*, 42 N. Y. 443; *Van Sickle* v. *Palmer*, 2 T. & C. 612; *Baker* v. *Mut. Union L. Ins. Co.*, 43 N. Y. 283.) A statement that a mortgage is valid is, therefore, no protection to a party to the transaction out of which the defense arose, even though he received the statement and acted upon it, believing that it would afford him protection. (*Eitel* v. *Bracken*, 6 J. & S. 7; *Shapley* v. *Abbott*, 42 N. Y. 443.)

DANFORTH, J. We are of opinion that the plaintiff should succeed upon this appeal.

*First.* The finding of the learned judge at Special Term that the bond and mortgage in suit were never delivered to the mortgagees cannot be sustained. The complaint expressly avers the delivery of the bond and mortgage to the mortgagees named therein, and the answer admits it. It was a fact in the case, therefore, and for all the purposes of the action to be taken as true. (Code of Civ. Proc., § 522; *Fleischmann* v. *Stern*, 90 N. Y. 111; *White* v. *Smith*, 46 id. 418.) If the case had been tried upon the merits, without reference to the pleadings, the objection would not avail the plaintiff (*Cowing* v. *Altman*, 79 N. Y. 167), but it was not. There was no waiver of the advantage afforded by the pleadings; on the

contrary, the case was tried upon the assumption that the plaintiff's side was established by the pleadings. He was not called upon for proof, and the defendant at once took the affirmative. In view of the pleadings and the provision of the Code (*supra*), the finding as to the delivery of the mortgage should have been the other way. This error alone would require a reversal of the judgment.

*Second.* With this fact in the case no usury is established. No doubt the plaintiff wanted to get more for his money than simple interest. But he knew the statute of usury, and did not intend to come within it. This was understood by the defendant. No doubt, also, there was then suggested a plan whereby he might keep outside of the statute and still obtain a return from the investment greater than the rate allowed by it. There is no law against that. The defendant suggested the plan. He says, " I immediately told him that I owed money to Messrs. Mackey and Herbert for the building of " certain " houses, and the mortgage could be arranged in that way," that is, he says, " by making a mortgage for $7,000, that he afterward might have in two, one for $4,000 and the other for $3,000, and he receive $1,000 out of it." This evidence is not very coherent, but he adds, " He," the plaintiff, " to cash them and receive $1,000," and from this and other evidence not contradicted, it appears that the defendant did then in fact owe these persons and wished to pay them ; that the plaintiff was so informed, and also that the debt was $7,000, and that the creditors would take security by mortgage for that sum, and receipt to the defendant for it, and he, the plaintiff, could purchase the mortgages from them for $6,000.

After that the defendant employed an attorney to draw the mortgages, stated to him the amounts to be inserted, and the names of the mortgagees to whom, as he also told him, he owed the money. He afterward signed the mortgages, and, as the pleadings admit, they were delivered to the mortgagees, to secure the money due them. From that moment the mortgage in suit had a valid inception, and might be enforced by the mortgagee or sold at any price without imputation of

usury. It was purchased by the plaintiff, and $6,000, the stipulated price for both went to the mortgagees. In the case in hand it was paid directly to them by the plaintiff. This was the transaction substantially stated in the pleadings, and the proof upon the trial did not differ from it.

The respondent argues that there was no delivery of the mortgage, but that, as we have seen, is overcome by the admission in the pleadings, and whether the mortgagees took the instruments away from the place where the business was transacted, or immediately handed them over to the plaintiff, is of no moment. There is also in evidence the assignments of the several mortgages to the plaintiff. Each, besides the necessary words of transfer, contains a covenant on the assignor's part that the sum named — in this case $4,000, in the other $3,000 — "is secured, owing and unpaid on account of said mortgage," and the case shows that there was also a written statement from the mortgagor, signed by him, and witnessed, to the effect that the mortgage was given to secure the payment of the money named therein ; that it was due, and that no defense existed to the same.

It is apparent, then, not only from the admissions in the pleadings, but from uncontradicted evidence that the bond and mortgage in question were valid securities in the hands of the Messrs. Herbert, the mortgagees, for the amount due to them from Cudlipp. That, according to his evidence upon the trial, was $3,625 ; according to Herbert, who was also defendant's witness, it was about $4,000. That the mortgage was executed to them after a previous understanding with the plaintiff that he would purchase it, although at a sum less than its face, cannot make the purchase usurious or convert the contract of purchase into a loan of money. (*Smith* v. *Cross,* 90 N. Y. 549 ; *Brooks* v. *Avery,* 4 id. 225 ; *Sickles* v. *Flanagan,* 79 id. 224.)

It would be different if the mortgage had been executed without consideration, for then it would have no vitality until a sale.

In this case the plaintiff had no reason to suppose that the

amount due from Cudlipp to his two creditors was less than $7,000, and the assurance contained in the assignment from the Messrs. Herbert agreed with the sum certified to by the defendant as due to them ; but if, in truth, the real debt was less, they could not enforce it for more than its true amount, and the plaintiff can have no better right. (*Trustees of Union College* v. *Wheeler*, 61 N. Y. 88.)  As the case is now presented it would be just to limit the recovery to the amount actually due the Messrs. Herbert at the time of the execution of the bond and mortgage, with interest.

The judgment of the General and Special Terms should, therefore, be reversed, and, although upon the pleadings and admitted facts in the case the defense cannot prevail, a new trial must be had to ascertain that amount, unless the plaintiff will stipulate that it be adjusted at the sum of $3,625, and interest from December 16, 1877, in which case he should have judgment of foreclosure and sale in the usual form, according to the prayer of the complaint, with costs in all courts.

All concur, except ANDREWS, J., not voting.

Judgment accordingly.