ELLEN PAUL, Individually and as Executrix of the Last Will and Testament of THEODORE R. PAUL, Deceased, Respondent, *v.* AUGUSTUS P. STEVENS, Appellant, Impleaded with JULIA A. VAN DA LINDA.

*Extension of time of payment of another's debt, a good consideration for an engagement to pay it.*

In an action upon a promissory note it appeared that it was given by a firm composed of Augustus P. Stevens and Julia A. Van Da Linda, whose husband, James A. Van Da Linda, had been previously in partnership with Stevens. James A. Van Da Linda, while in the partnership, had contracted an indebtedness to the plaintiff, who had advanced him $2,000, which he had put into the firm as his contribution towards its capital, and for which he had given plaintiff his individual note.

Subsequently James A. Van Da Linda had retired from the firm and had assigned his interest therein to Julia A. Van Da Linda, his wife, who continued the business with Stevens. After the retirement of James the plaintiff had an interview with Stevens concerning the interest payable to her (the plaintiff) upon the indebtedness, in which he stated that the interest would be paid the same as it previously had been. Then she inquired what would happen to her if he should die, and thereupon Stevens sat down and drew the note in the firm name of A. P. Stevens & Co., to recover upon which this action was brought, including the $2,000 of principal and $500 of interest due upon the note, which had been given by James A. Van Da Linda, which latter note was then destroyed by the plaintiff. Thereafter the interest was paid upon this note given by Stevens and the principal sum remained in the business.

*Held,* that as it was apparent that the understanding was that the money should be permitted to remain in the business of the firm, and that no immediate measures should be taken to enforce its collection, that such extension of time of payment afforded a sufficient consideration for the note so given by Stevens as against him.

APPEAL by the defendant, Augustus P. Stevens, from a judgment, entered in the office of the clerk of the county of New York on the 22d day of March, 1889, in favor of the plaintiff; and also from an order, entered in the said office on the 9th day of April, 1889, denying a motion for a new trial made on the minutes of the court at which the action was tried.

The action was tried before the court and a jury at the New York Circuit, at which a verdict was directed by the court in favor of the plaintiff and against the defendant, Augustus P. Stevens for $2,770.84.

*A. Sims, Jr.,* for the appellant.

*Coleridge A. Hart,* for the respondent.

DANIELS, J.:

The verdict was directed for the amount unpaid upon a promissory note made on the 12th of October, 1885, payable to the plaintiff or order in the sum of $2,500. It was subscribed by the firm name of A. P. Stevens & Co., and it was alleged in the complaint that these defendants were associated together as partners in business under that firm name, and made and delivered the note in question to the plaintiff. These allegations were not denied by the defendant Augustus P. Stevens' answer, but he set up an affirmative defense to exonerate himself from liability upon the note, and he was received as the witness upon the trial by whose evidence alone these defenses were endeavored to be maintained.

It appeared by his evidence that he, together with James A. Van Da Linda, were previously in partnership under the firm name of A. P. Stevens & Co., and that the plaintiff loaned to Van Da Linda the sum of $2,000, which he put into this firm as his capital, and gave the plaintiff his individual note for the payment of the indebtedness. Before the note in suit was given James A. Van Da Linda retired from the firm and assigned his interest in it to the defendant Julia Van Da Linda, his wife, and under this assignment, with the assent of the witness, she became associated with him in the business, and had so continued since the year 1884. After the retirement of James A. Van Da Linda, who had given the preceding note to the plaintiff, she had an interview with the defendant

Augustus P. Stevens concerning the interest payable to her upon the indebtedness, in which he stated that the interest would be paid the same as it previously had been. Then she inquired what would happen to her if he should die, and he testified he stated there was something in that, and he sat down and drew the note in controversy for this sum of $2,500, which included $500 of interest then unpaid on the note held by her, and delivered the note to the plaintiff, and that she then destroyed the other note. After that interest was paid upon this note by checks drawn by this defendant from time to time and the principal remained in the business.

It was substantially on this state of the proof that the verdict was directed in favor of the plaintiff against the defendant, Augustus P. Stevens, and it disclosed sufficient to indicate the truth to be that he regarded the preceding loan as a debt of the firm, and had paid interest upon it according to that understanding, and that the note in suit had been given in place of the preceding note for the reason that James Van Da Linda had withdrawn from the firm, and that this defendant intended to carry the indebtedness along as that of this firm. The note was payable on demand after date, but, from the interview which this defendant states took place between himself and the plaintiff, it was clearly the understanding that the money should be permitted to remain in the business of the firm, and that no immediate measures should be taken to enforce its collection. That is evident from the fact of the assurance given that the interest should be paid upon the debt the same as it had been while Mr. Van Da Linda was a member of the firm, and the inference was plainly supported that an extension of time was given for the payment of this money, and that formed a consideration between this defendant and the plaintiff, under the circumstances which appeared to have taken place, supporting the making and delivery of this note. For it has been repeatedly held that forbearance or an extension of the time for the payment of a debt is a good consideration for the making and delivery of an obligation of this description. (*Mutual Life Ins. Co.* v. *Smith*, 23 Hun, 535; *Grocers' Bank* v. *Penfield*, 7 id., 279; affirmed, 69 N. Y., 502.) A point similar upon its facts to that controlling the disposition of this case arose in *Spalding* v. *Cargill* (53 N. Y. Supr. Ct. Rep., 453), where it was held that a substitution of a note for a previous obligation was

sufficient to maintain it as a legal obligation. The benefit to the firm by leaving the money in its business for an indefinite period of forbearance created such a consideration.

From the evidence which was given it was also to be inferred, although the money had been loaned to Van Da Linda himself, that it had been considered by this defendant as a firm indebtedness, and the interest had been paid upon it by him with that understanding, and the change in the form of the obligation from the preceding note in this manner given was no more than continuing the same liability and imposing the observance of the same obligations which had been previously accepted and fulfilled by this defendant. There was sufficient, therefore, in the case, as against this defendant, to maintain his liability for the indebtedness. No question of fact was presented by the evidence, and a verdict for the plaintiff was legally directed.

In these essential respects the case differs from that of the other defendant, Mrs. Van Da Linda, and the judgment and order should be affirmed.

BRADY, J., concurred.

Judgment and order affirmed.