### SWEENEY *v.* PEASLEE *et al.*

(*Supreme Court, General Term, Third Department.* December 28, 1891.).

USURY—PURCHASE OF MORTGAGE AND EXTENSION OF TIME FOR PAYMENT.

　　Land mortgaged to secure a bond for $20,000 to one, and $10,000 to another, obligee, having been conveyed to defendant, and foreclosure being threatened, defendant procured plaintiff to purchase the $20,000 interest, which he did for $15,000, and the $10,000 interest was assigned to a third person. Immediately before the assignment, plaintiff agreed to extend the time of payment of the mortgage, and defendant agreed that the whole amount of $20,000 was due, and that there was no defense to its collection, and also made a new bond and a mortgage of the property to plaintiff for the same amount as the originals. *Held,* that the last transaction was not tainted with usury, but that it was in effect a purchase of the original mortgage, and that the second mortgage was merely collateral to the first.

Appeal from judgment on report of referee.

Action by Albert H. Sweeney against John N. Peaslee, Sarah R. Peaslee, and others to foreclose a mortgage. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before LEARNED, P. J., and MAYHAM and KELLOGG, JJ.

*Cady & Hoysradt,* for appellants. *Marcus T. Hun,* for respondent.

MAYHAM, J. This is an appeal from a judgment entered upon the report of a referee for the foreclosure of two mortgages, one given by Horace W. Peaslee and wife to John J. and Sylvester Van Valkenburgh, collateral to a bond made by Horace W. Peaslee for $30,000, $10,000 of which was payable to John J. Van Valkenburgh. and $20,000 of which was payable to Sylvester Van Valkenburgh. The interest of Sylvester Van Valkenburgh in this bond and mortgage was transferred to Albert H. Sweeney, and that of John J. Van Valkenburgh was transferred to James Mix, who owned the same at the time of the commencement of this action. The other mortgage was given by John N. Peaslee and wife to Albert H. Sweeney and James Mix as collateral to the bond of the mortgagor dated February 16, 1886, in and by which the obligors agreed to pay the sum of $30,000 in the following manner: "The sum of $10,000 and interest thereon to be paid to James Mix, and the sum of $20,000 and interest thereon to be paid to Albert H. Sweeney, in accordance with the provisions of a mortgage given by Horace W. Peaslee and wife to John J. and Sylvester Van Valkenburgh, recorded in the Columbia county clerk's office in Book No. 25 of Mortgages, on page 561 as extended." The

case shows that prior to the date of the last-mentioned mortgage the executor of the last will of Sylvester Van Valkenburgh, deceased, had transferred the $20,000 interest of his testator in the Horace W. Peaslee mortgage to Emma J. Houseman, who duly transferred the same to Albert H. Sweeney, this plaintiff, and that the executor of John J. Van Valkenburgh transferred his interest in Horace W. Peaslee's mortgage to James Mix, and the entire interest in the Horace W. Peaslee bond and mortgage became vested in this plaintiff and James Mix. On the 13th of January, 1885, Horace W. Peaslee, the mortgagor, executed and delivered to the defendant John N. Peaslee a deed of certain lands at Malden Bridge, with all dams, mills, water privileges, and buildings thereon, together with the fixtures, machinery, tools, and materials thereon. This conveyance was as to the part of the land covered by the Van Valkenburgh mortgage of $30,000, subject to the same, but it embraced lands not covered by that mortgage, and in explicit terms conveyed property not in express terms embraced in the mortgage. Prior to the sale by Emma Houseman of this mortgage to this plaintiff she had transferred the same as collateral to a loan of $15,000 to the Kinderhook National Bank, and, the loan for which this mortgage was transferred being past due, the bank threatened a foreclosure. While the interest of John N. Peaslee under his deed was thus imperiled he called on the plaintiff and James Mix, and the interview resulted in the opening of negotiations with Emma Houseman, which resulted in an assignment of her $20,000 interest in the Horace W. Peaslee mortgage to this plaintiff for $15,000, and the $10,000 interest held by the executor of John J. Van Valkenburgh to James Mix. The evidence discloses, and the referee finds, in substance, that during the negotiations for the purchase of Mrs. Houseman's interest in the mortgage for $15,000 plaintiff was to hold it as a lien and mortgage for $20,000, its face value, and the interest should be paid him on that sum. The assignment from Houseman to plaintiff bears date February 19, 1886. On the 16th of February, 1886, the plaintiff and defendant John N. Peaslee entered into a written agreement, in which the Horace W. Peaslee mortgage is described, and it is noticed that the plaintiff is the owner thereof to the amount of $20,000, and that there is due and payable that amount thereon, with interest from the 16th day of February, 1886, and to the collection of which there is no defense. This agreement provides for the extension of the time of the Horace W. Peaslee mortgage, upon conditions specified in the contract, until the 1st day of May, 1892. On the same day John N. Peaslee and wife executed their bond to Albert H. Sweeney and James Mix, conditioned for the payment of $30,000,—$10,000 and interest to Mix, and $20,000 and interest to Sweeney, in accordance with the provisions of a mortgage given by Horace W. Peaslee and wife to John J. Van Valkenburgh and Sylvester Van Valkenburgh; and as collateral thereto gave their mortgage covering the property embraced in the deed from Horace W. Peaslee to John N. Peaslee, to which we have referred.

Sufficient facts have been stated to raise the question involved in this appeal, viz., whether the last-described mortgage was collateral to the Horace W. Peaslee mortgage, and in consideration of the agreement for an extension of the time of payment thereon, or whether it was given in consideration of and as security for the $15,000 paid by Albert N. Sweeney, the plaintiff, and the $10,000, as an original loan to the defendant John N. Peaslee, and used by him in extinguishing the Horace W. Peaslee mortgage. If this was a purchase of the original Horace W. Peaslee mortgage for less than its face value it was a valid transaction, and the purchaser was guilty of neither an illegal nor immoral act in enforcing the original security for its face value and interest. If, on the contrary, it was a loan of $25,000 to the defendant John N. Peaslee, taking back an agreement for the payment of $30,000 and interest, it would in that case be a usurious agreement, and void, and no recovery could be had upon it. The referee finds that no loan was made by Albert

H. Sweeney to John N. Peaslee. He further finds that John N. Peaslee accepted the position of guarantor of the mortgage given by Horace W. Peaslee in the hands of the plaintiff, and that the mortgage given by him and his wife is collateral to the indebtedness created by the Horace W. Peaslee bond and mortgage, and that that was never satisfied or extinguished. These findings and conclusions of the referee are, we think, fully sustained by the evidence in this case. John N. Peaslee, being the owner of the fee of this land charged with the mortgage given by Horace W., had a direct interest in procuring an extension of the payment of this outstanding mortgage, and that extension having been granted, at his instance and for his benefit, at the time of the purchase of the mortgage by the plaintiff, furnished a sufficient consideration for the assumption of the payment of the bond and mortgage by him. In *Paul* v. *Stevens*, (Sup.) 10 N. Y. Supp. 442, DANIELS, J., says: "It has been repeatedly held that forbearance or an extension of the time for the payment of a debt is a good consideration for the making and delivery of an obligation of this description, [in that case a promissory note.]" Nor can such an agreement be declared usurious. The original obligation created by this bond and mortgage to pay this $20,000 being valid, the giving of additional security after the creation of the debt, for its payment, is not usury, and the bond and mortgage given by John N. Peaslee and wife as such additional security is valid, and not usurious. In *Crane* v. *Price*, 35 N. Y. 496, it was held that a mortgage given to the plaintiff by the defendant for demands which the defendant was liable to pay, and taking a mortgage of the defendant for the amount of the demands so purchased, was a valid transaction, when the demands were purchased by the plaintiff at the request of the defendant; and the court say: "It is a misnomer to speak of the transfer of a demand by one creditor to another as a loan of money to the debtor, within the intent of the usury law." If there was no loan, and no corrupt agreement for forbearance, there can be no usury; and the grantee of the mortgage who assumes the payment of the mortgage valid in its inception cannot predicate usury upon the original mortgage, or upon a valid agreement between him and the assignor for an extension of the time of payment. *Nichols* v. *Fearson*, 7 Pet. 103-109; *Institution* v. *Copeland*, 71 Iowa, 67.[1] In *More* v. *Howland*, 4 Denio, 264, it was held that "the *bona fide* sale of one's credit by way of guaranty, or by making a note for another's accommodation, though for a compensation exceeding seven per cent., is not usurious if the transaction be unconnected with a loan between the parties." Nor do we think that the arrangement between John N. Peaslee and the plaintiff made a new contract of the old Horace W. Peaslee mortgage so as to let into that agreement any taint of usury. The case of *Houseman* v. *Bodine*, 122 N. Y. 158, 25 N. E. Rep. 255, cited by the learned counsel for the appellants, does not go to that extent. The defense of usury, involving a crime, cannot be established by surmise and conjecture, or by inference entirely uncertain. *Baldwin* v. *Doying*, 114 N. Y. 452, 457, 21 N. E. Rep. 1007; *Stillman* v. *Northrup*, 109 N. Y. 478, 17 N. E. Rep. 379. The defense of usury being an affirmative proposition to be established by the defendant, he assumes the burden of establishing it by affirmative proof, as all the presumptions are in favor of the legality of the contract; and if, upon the whole case, the evidence is as consistent with the absence as with the presence of usury, the party alleging the usury must fail. *Morrison* v. *Verdenal*, (Sup.) 5 N. Y. Supp. 606; *Booth* v. *Swezey*, 8 N. Y. 276; *Smith* v. *Marvin*, 27 N. Y. 137. Even when the instrument admits of two constructions, one of which would render it operative and the other void, the former would be adopted. *Marvin* v. *Feeter*, 8 Wend. 533. Having reached a conclusion adverse to the contention of the appellants on the question of usury, it becomes unnecessary to discuss the

[1] 32 N. W. Rep. 95.

other questions raised by the appellants on this appeal. On the whole case we see no error committed by the referee for which the judgment should be reversed. Judgment affirmed, with costs. All concur.