(17 Misc. Rep. 639)

COHEN v. WALDRON.

(Supreme Court, Special Term, New York County. July, 1896.)

Usury—Evidence.

    Plaintiff, at the request of defendant, to avert foreclosure of a mortgage on defendant's property, paid the mortgage debt, less 10 per cent., and took an assignment of the mortgage, and defendant, with plaintiff's knowledge,

paid the 10 per cent. to the mortgagee. Plaintiff then extended the mortgage for another year. In an action to foreclose it was shown that plaintiff contemplated a purchase of the mortgage from the beginning of the negotiation with defendant, and defendant in his original answer alleged that he "did request the plaintiff to purchase the aforesaid mortgage, and take an assignment thereof." *Held*, that the evidence was not sufficient to establish a defense of usury.

Action by Bernard Cohen against William B. Waldron to foreclose a mortgage. Judgment for plaintiff.

John Frankenheimer, for plaintiff.
Frederick E. Anderson, for defendant.

PRYOR, J. To avert a threatened foreclosure of a mortgage on his property, defendant had this transaction with the plaintiff: Upon payment of the mortgage debt, less 10 per cent. discount, plaintiff took an assignment of the mortgage. With the knowledge of plaintiff, defendant paid the mortgagee the 10 per cent. balance, whereupon plaintiff extended the mortgage for another year. In the action to foreclose, defendant pleads usury. Upon its face the transaction is clear of usury. In form, it is a purchase of a valid, subsisting security; and by all authorities, such a purchase, at any discount, may be made with impunity. Dunham v. Cudlipp, 94 N. Y. 129; Saving Inst. v. Wilmot, Id. 221. In every circumstance the case is identical with Siewert v. Hamel, 91 N. Y. 199, and unless it appear that the ostensible sale of the mortgage was "a mere contrivance to evade the statute of usury, and was in fact a loan by the plaintiff to" Waldron (page 201), no defense to the action was developed. It is not enough that "the plaintiff entered into the transaction for the purpose of securing more than the legal rate of interest on his capital" (page 201), but "a loan of money by the plaintiff to the defendant, with the bond and mortgage as collateral under the guise and color of a purchase and sale of a chose in action" (page 201), must be shown by "clear and satisfactory evidence." White v. Benjamin, 138 N. Y. 623, 33 N. E. 1037. In Siewert v. Hamel, supra, a test of the illegal character of the transaction, as propounded by Andrews, C. J., is that "it originated in an agreement for a loan"; but here the fact is not clear upon the proofs. By the testimony of Hirsch—the only witness not open to suspicion of bias—it appears that the plaintiff contemplated a purchase from the beginning of the negotiation with the defendant. The defendant himself, in his original answer, alleged that he "did request the plaintiff to purchase the aforesaid mortgage, and take an assignment thereof." Notwithstanding the explanatory evidence introduced to extenuate the effect of this admission, I cannot but regard it as credible and cogent proof of the intended transaction. Assuming, however, that the parties originally contemplated a loan by plaintiff and a new mortgage to him for security, the proof is quite conclusive that they abandoned the project, and substituted instead a purchase and assignment of the mortgage. "No doubt the plaintiff wanted to get more for his money than simple interest. But he knew the

statute of usury, and did not intend to come within it. No doubt, also, there was then suggested a plan whereby he might keep outside of the statute, and still obtain a return for his investment greater than the rate allowed by it. There is no law against that." Dunham v. Cudlipp, 94 N. Y. 135. "In one sense the transaction took this form for the purpose of escaping usury. But the parties had a perfect right to deal with each other with the usury laws before their eyes, and to so shape the transaction as to escape the condemnation of those laws." Saving Inst. v. Wilmot, 94 N. Y. 221, 227. The assent of defendant to the substituted arrangement is apparent from his execution of the agreement of November 2, 1894, and other evidence. Defendant's position, then, is this: He does not impugn the legality of the actual transaction, but urges that the agreement between the parties was for another and illegal transaction, which, though renounced and unexecuted, nevertheless invalidates its substitute, the actual and legal transaction. The bare statement of the proposition suffices for its refutation. In Wyeth v. Braniff, 84 N. Y. 627, the authority upon which defendant relies, the loan was indisputable,—an essential fact, absent from the case under review. "If there was no loan, and no corrupt agreement for forbearance, there can be no usury." Sweeney v. Peaslee (Sup.) 17 N. Y. Supp. 225, 227; Meaker v. Fiero, 145 N. Y. 165, 39 N. E. 714; Siewert v. Hamel, 91 N. Y. 201. The case is not free from doubt, but, mindful of the proof requisite to show usury, I am not content that the defense is established. "The defense of usury being an affirmative proposition to be established by the defendant, he assumes the burden of establishing it by affirmative proof, as all the presumptions are in favor of the legality of the contract; and if, upon the whole case, the evidence is as consistent with the absence as the presence of usury, the party alleging the usury must fail." Sweeney v. Peaslee (Sup.) 17 N. Y. Supp. 225, 227; Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379.

Judgment for plaintiff, with costs.