### RIDER v. GALLO et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. USURY (§ 128*)—INNOCENT PURCHASER OF MORTGAGE TAINTED WITH USURY —RIGHTS ACQUIRED.

> An innocent purchaser of a mortgage usurious in its inception may rely on the mortgagor's certificate that the mortgage was given for the valuable considerations expressed therein, and that there is no counterclaim or defense existing against the same or any part thereof.

> [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 380–383; Dec. Dig. § 128.*]

2. USURY (§ 128*)—INNOCENT PURCHASER OF MORTGAGE TAINTED WITH USURY —RIGHTS ACQUIRED.

> A mortgagor executing a mortgage to his agent to enable the latter to sell the same at a discount for the mortgagor's benefit employed a broker to find a purchaser of the mortgage. The broker produced a third person, who purchased the mortgage in reliance on the mortgagor's certificate of estoppel. The third person had nothing to do with the usurious agreement made at the inception of the mortgage, or any knowledge of it, when he paid the price, and the broker was not his agent in the transaction. The third person thereafter sold the mortgage to the broker. *Held*, that the broker could enforce the mortgage as against the defense that it was void because it was usurious in its inception.

> [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 380–383; Dec. Dig. § 128.*]

Appeal from Special Term, Kings County.

Action by Edward W. Rider against Saverio Gallo and others. From a judgment for plaintiff, defendant Saverio Gallo and another appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

J. Stewart Ross, of Brooklyn, for appellants.

William B. Hurd, Jr., of Brooklyn, for respondent.

PER CURIAM. The complaint sets forth an action for the foreclosure of a mortgage upon certain real property in the borough of Brooklyn. The mortgage was one of a series of seven, given to secure the payment of $1,250 each, and was a second mortgage. The defendant sets up as a defense that the mortgage was usurious in its inception, and therefore void. The facts relied upon by the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant, as set forth in his answer, are to the effect that the plaintiff in this action, acting as the agent of one Conrad F. Ray, entered into an agreement to loan the sum of $1,250 upon each of the seven parcels, on condition that the defendant would pay a bonus of 20 per cent. upon such loans, and it is claimed that the transaction involved a provision that the mortgages should be made to one Effingham L. Holywell, the attorney and agent of the defendant, who was to transfer the same to the said Ray, who has since conveyed the same to the plaintiff. It is conceded that the mortgages in question were made to Holywell, and that the defendant Gallo made an estoppel certificate in which he recited that "the said bond and mortgage were given for the valuable considerations expressed therein, and that there is no counterclaim, offset or defense, in law or in equity, existing against the same, or any part thereof," and that "deponent makes this affidavit to induce Conrad F. Ray to accept an assignment of or to purchase the said bond and mortgage and pay the consideration therefor, knowing that said Conrad F. Ray relies upon the truth of each and every statement herein contained," and, further, that "this affidavit is made for the benefit and protection of the present and of any and all subsequent holders of the said bond and mortgage."

[1] It is clear, therefore, unless the evidence establishes the fact of an existing agency between Ray and the plaintiff Rider, there is no substantial foundation to the defense, for if Ray was an innocent purchaser of this mortgage, no matter what the rate of discount, he could rely upon the certificate of estoppel, and the plaintiff would get a good title from him, and the estoppel would operate to protect him in the present action.

[2] The plaintiff contends that he was asked by the defendant to find a purchaser of this and the other mortgages, and that he produced one Onderdonk, who was willing to purchase them at a discount of 20 per cent., and that Ray, the nephew of Onderdonk, became the agent of the latter in the transaction, purchasing the seven mortgages at a discount of 20 per cent. from their face value. These mortgages were dated on the 26th day of March, 1908, but were not recorded until the 1st day of May, 1908, and this fact is emphasized, apparently for the purpose of discrediting the good faith of the transaction, but the defendant pleads that "on or about the said 26th day of March, 1908, the said alleged bond and mortgage referred to in the complaint herein were made, executed, and delivered to Effingham L. Holywell, the agent of this defendant," though it was not until the 27th day of April following that the same was assigned to Ray, at which time the defendant made his estoppel certificate. When Ray took the assignment, the mortgage was in existence. It was, according to the certificate of the defendant, a good and valid obligation, without existing defenses, and after a careful reading of the evidence we quite agree with the learned court at Special Term that no proof exists of any relation of agency existing between Ray and the plaintiff in this action. The fair weight of evidence is with the plaintiff's contention that he was the broker employed by the defend-

ant to procure a purchaser for these mortgages, then in existence, and that he produced Onderdonk, who made his nephew Ray his agent in the transaction. There is no evidence that Onderdonk or Ray had anything to do with the alleged agreement at the inception of the mortgage, or that they had any knowledge of it at the time of paying over the money. What the plaintiff, acting as the defendant's agent or broker, may have known of the making of the mortgage, was not notice to Onderdonk or Ray. They found a mortgage, regular upon its face, bearing date a month prior to the purchase, with the defendant's estoppel certificate made on the day of the transfer, and they had a perfect right to purchase this mortgage at any figure that they could agree upon with the owner of such mortgage. It is true, of course, that as between parties to the alleged usurious agreement the estoppel would be of no avail, but as between the defendant and Onderdonk and Ray the defendant is estopped to question the validity of the mortgage, unless he is able to establish that Onderdonk or Ray were represented in the transaction by Rider, the plaintiff here. Rider was the broker employed by the defendant to negotiate the mortgage, and there is no presumption that he was at the same time the agent of Onderdonk or Ray. The burden of showing this relation, or at least of some guilty knowledge on the part of these men, is upon the defendant, and he has not sustained that burden. The evidence indicates that the defendant had given this mortgage to Holywell for the purpose of enabling the latter to sell the same at a discount for the benefit of the defendant, and the latter, having received the benefits of the transaction, is now trying to avoid the obligation by alleging that the purchaser was in some manner involved in his own contrivance for raising money upon the second mortgage. The fact that Rider may have aided him in placing the second mortgage in a position where it could be sold does not make the subsequent purchaser a party to an alleged usurious contract. The evidence must go farther, and show that Rider was representing Onderdonk or Ray in contriving the usurious contract, and it fails in this regard.

The judgment appealed from should be affirmed, with costs.